CHRYSLER CORPORATION v DeVINE

Docket No. 78-4028. Submitted June 20, 1979, at Detroit.—Decided
    September 20, 1979.

> Kevin DeVine was laid off from his employment at Chrysler
> Corporation and applied for unemployment benefits, listing his
> parents' home as his address, although he did not live there. A
> telegram was sent regarding an interview for a job opening, but
> no one was at home to receive it and a notice of attempted
> delivery was left at the home. DeVine's mother received the
> notice but failed to inform him of the message and DeVine,
> therefore, failed to report for the interview. Chrysler sought to
> disqualify DeVine for benefits, but the Michigan Employment
> Security Appeal Board found that he was not disqualified from
> receiving benefits. Chrysler appealed to the Ingham Circuit
> Court, which affirmed, Michael G. Harrison, J. Chrysler ap-
> peals. *Held:*
>
> In this case, where DeVine was shown to have acted in good
> faith, his nonreceipt of the notice of the interview constituted
> good cause for his failure to appear. The holding herein does
> not prohibit telegraphic communication regarding job inter-
> views or require personal contact by an employer.
>
> Affirmed.

1. UNEMPLOYMENT COMPENSATION — DISQUALIFICATION — BENEFITS
    — JOB INTERVIEW — STATUTES.

> An unemployed worker who is receiving unemployment benefits
> may be disqualified from benefits if he fails to report for a job
> interview *concerning available suitable work* with his former
> employer after notice of the interview and without good cause;
> in order for the failure to appear to be considered good cause,
> the reason for nonattendance must be significant, substantial
> and reasonable (MCL 421.29[1][d]; MSA 17.531[1][d]).

2. UNEMPLOYMENT COMPENSATION — STATUTES — REMEDIAL STATUTES
    — DISQUALIFICATION FROM BENEFITS.

> The unemployment compensation statute is remedial in nature

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 76 Am Jur 2d, Unemployment Compensation § 68.
[2] 76 Am Jur 2d, Unemployment Compensation § 6.

and is entitled to liberal construction; provisions for disqualification from benefits should be narrowly construed in favor of those who are involuntarily unemployed through no fault of their own.

3. Unemployment Compensation — Job Interviews — Notice — Nonreceipt of Notice — Good Faith.

Actual nonreceipt by an unemployment compensation benefits claimant of a notice of an interview with his former employer concerning available work constitutes good cause for the claimant's failure to attend the interview where the claimant acted in good faith and did not receive the notice because delivery was attempted to the claimant's mother, who neglected to inform him of the attempted delivery when she learned of it.

*Portia Y. T. Hamlar,* for plaintiff.

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.* (by *Charles Looman),* and *John A. Fillion* and *Jordan Rossen,* for Kevin DeVine.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *George M. Blaty* and *Joseph J. Finn,* Assistants Attorney General, for the Employment Security Commission.

Before: Bashara, P.J., and D. E. Holbrook, Jr. and J. C. Daner,* JJ.

Bashara, P.J. Plaintiff Chrysler Corporation appeals from an order of the circuit court affirming the decision of the Michigan Employment Security Appeal Board that defendant Kevin DeVine was not disqualified from receiving unemployment benefits.

The facts are virtually undisputed. DeVine was laid off from Chrysler's Warren Truck plant and

* Circuit judge, sitting on the Court of Appeals by assignment.

applied for benefits. His unemployment claim form listed his address as that of his parents, although he was living in an apartment away from home.

From the time that he filed for benefits on February 21, 1974, until his final layoff June 28, 1974, DeVine worked intermittently for Chrysler. Recall notices during this time were sent to him and received by him at his parents' address. He stopped by every week to check for mail and could be contacted by family members as to messages received.

On July 15, 1974, Chrysler sent a telegram to the parents' address informing DeVine of a job interview on July 24. No one was present when the telegram was delivered. A message of attempted delivery was left at the door, giving a telephone number.

DeVine failed to appear for the requested interview because he did not receive the message regarding the telegram until well after the date of the interview. He did respond to a subsequent request to report for an interview on August 14, 1974, and commenced work on August 19.

At a referee's hearing, it was established that DeVine's mother received the message regarding the telegram, but had failed to inform him due to "absentmindedness". DeVine testified that if he had received notice, he would have reported as directed.

The precise question presented in this appeal, whether a claimant's non-receipt of actual notice reasonably sent by his employer constitutes "good cause" for failing to report for an interview, does not appear to have been answered by statute or case law.

MCL 421.29(1)(d); MSA 17.531(1)(d) states in pertinent part:

"(1) An individual shall be disqualified for benefits in all cases in which he:

\* \* \*

"(d) Being unemployed has failed without good cause to report to his former employer or employing unit within a reasonable time after notice from that employer or employing unit for an interview concerning available suitable work with the former employer or employing unit."

For the claimant's failure to report for a job interview to be considered "good cause", the reason for the nonattendance must be significant, substantial and reasonable. *Keith v Chrysler Corp*, 390 Mich 458, 475; 213 NW2d 147 (1973).

There seems to be no doubt that an individual should not be disqualified from receiving benefits for not attending a meeting of which he has no knowledge. However, since the words "after notice" are in the statute, it is difficult to determine if "notice" refers to *actual notice* received by the claimant, or *reasonable notice* sent by the employer.

It has long been the holding in Michigan that the unemployment compensation statute is remedial in nature and entitled to liberal construction. *O'Brian v Michigan Unemployment Compensation Comm*, 309 Mich 18; 14 NW2d 560 (1944), *Salenius v Employment Security Comm*, 33 Mich App 228; 189 NW2d 764 (1971). Accordingly, disqualification provisions should be narrowly construed in favor of those involuntarily unemployed through no fault of their own. *Lyons v Employment Security Comm*, 363 Mich 201; 108 NW2d 849 (1961), *Park v Employment Security Comm*, 355 Mich 103; 94 NW2d 407 (1959), MCL 421.2; MSA 17.502.

Plaintiff urges this Court to adopt an "agency" theory and apply it to the facts of this case. They

argue that since DeVine had given them his mother's address, she became his agent and that her receipt of notice should be imputed to him.

The act is designed to minimize the impact of unemployment. In light of this policy expressed in the language of statute and case law, it would seem that the Legislature did not intend general principles of agency to apply to the case at bar.

The undisputed facts show that claimant was at all times ready and willing to attend a job interview upon receiving notice of such an appointment, and to return to work whenever it became available.

Given the good faith of the claimant in this matter, actual non-receipt of the notice constituted good cause for his nonattendance. See *Keith v Chrysler Corp, supra.*

Our holding should not be construed to mandate that telegraphic communication is prohibited. Nor should this affirmance of the appeal board's ruling imply that personal contact by the employer is required.

Affirmed, no costs, a public question being involved.